In the Matter of ADELAIDE M. DELPRIORE, Appellant, against RICHARD BALL et al., Constituting the ZONING BOARD OF APPEALS OF THE TOWN OF AMHERST, COUNTY OF ERIE, Respondents.

Fourth Department, January 7, 1953.

*Robert D. Fernbach* for appellant.

*Leland G. Davis* for respondents.

*Per Curiam.* Appellant resides at 95 Ivyhurst Road in the town of Amherst. In the basement of her home, which is located in a Class " A " residential district in said town, she gives instructions in dancing to young children, individually and in groups of not to exceed ten pupils. This work is carried on through appellant's own individual efforts. The permitted uses recognized in a Class " A " residential district are stated in paragraph 3 of subdivision 1 of section IV of the zoning ordinance of the town. Paragraph 3 reads: " Residence containing professional office or studio or [sic] resident doctor, dentist, artist, musician or other person engaged in comparable professional service."

Following complaints from other residents of the street upon which appellant lives to the effect that her activities would cause deterioration in the residential character of the neighborhood and that the increased traffic and parking upon the street resulting from such activities created a hazardous condition upon the street, the building commissioner of said town directed appellant to discontinue the use of her home for the giving of dancing instruction upon the ground that said premises were being used

contrary to the zoning ordinances. That determination was thereafter upheld and affirmed by the Zoning Board of Appeals. Upon appeal to the Special Term, the proceeding was, upon stipulation of the parties, referred to an Official Referee to hear, try and determine. The learned Official Referee held that dancing was an art and that the teaching of such an art was a profession within the meaning of paragraph 3 of subdivision 1 of section IV of the town zoning ordinance, but felt constrained to sustain the determination of said board upon the ground that he could not substitute his judgment for that of the board, which in effect held that appellant was engaged in a business rather than a profession because she advertised for pupils and thereby forfeited her standing as an artist engaged in professional work. The Official Referee found that such finding was not arbitrary, capricious or unlawful. We feel that the Official Referee was in error in arriving at such conclusion. The question for determination was not a factual question but rather one of law.

The question posed is, was appellant using her home in contravention of the permitted uses recognized in a Class " A " residential district? The determination of that question involves the individual professional activities of appellant *within* her home. Appellant's solicitation of pupils through the medium of advertising did not, in our opinion, transform a permitted use into a forbidden use nor did the resulting traffic problems work such a transformation.

The order should be reversed on the law and facts, with $50 costs and disbursements and determination of the Zoning Board of Appeals of the Town of Amherst annulled.

All concur. Present: TAYLOR, P. J., McCURN, VAUGHAN, KIMBALL and PIPER, JJ.

Order reversed on the law and facts with $50 costs and disbursements and determination of the Zoning Board of Appeals of the Town of Amherst annulled.