## Kollar Appeal

*Jesse W. Beeghley, Jr.*, for appellant.

*A. Benjamin Scirica,* for zoning board of adjustment.

GROSHENS, J., June 6, 1962.—This is an appeal from a decision of the Zoning Board of Adjustment of Plymouth Township upholding the ruling of the zoning officer that the operation of a dance studio in a residence is not an "accessory use" in an "A" residential district.

In August of 1961, appellant, with her husband, purchased a split-level, single family dwelling located on a lot which is 75 feet wide and 150 feet deep in an "A" residential district. The first dancing class was held in the recreation room on September 13, 1961, but classes were thereafter discontinued upon receipt of a notice from the zoning officer alleging violation of the Plymouth Township Zoning Ordinance of 1960, art. XIX, sec. 1910C. Appellant filed an appeal with the board of adjustment which held a public hearing on October 16, 1961. Four persons appeared on behalf of appellant and 28 letters were offered from persons expressing no objection to the proposed use. Nine persons registered their objections, and the next-door neighbor appeared to object to the proposed use. The board affirmed the decision of the zoning officer and this appeal followed. No additional testimony has been heard by the court.

Ruth Kollar, appellant, is an experienced dancing teacher and is a member of Dance Masters of America,

Inc., and Pennsylvania Association of Dance Teachers, Inc., holding certificates from each organization.

Classes would be held by appointment at the following times: Wednesday, 7:00 to 9:00 p.m.; Thursday, 8:30 to 9:30 p.m.; Friday, 6:30 to 10:30 p.m., ballroom dancing; Saturday, 10:00 a.m. to 2:30 p.m.

Classes are limited to ten pupils with the exception of ballroom dancing which is limited to seven couples. The lessons are conducted by Mrs. Kollar with the assistance of two apprentices, who serve without pay, but who receive instruction from Mrs. Kollar.

There are no signs erected on the premises and the classes are conducted in a recreation room on the ground floor which has an entrance through the garage. The entire house is air-conditioned and no windows are opened during the lessons. One day a month parents are invited to attend and observe. The school is not licensed by the State Department of Education.

The issue is whether the operation of a dance studio is permitted in a residence within an "A" residential district. Articles XIX, sec. 1910C, reads:

"C. Uses authorized in this Ordinance as accessory to a dwelling shall not be deemed to include a business, hospital, clinic, animal hospital, barber shop, beauty parlor, other personal service shop, tea room, hotel, or any similar use."

Appellant contends that the dance studio is an accessory use authorized in article XIX, sec. 1910 B 4, of the ordinance which reads:

"B. Uses Accessory to Dwelling.

"4. Professional office or studio of a doctor, dentist, healer, teacher, artist, architect, landscape architect, musician, lawyer, engineer, magistrate, or practitioner of a similar character, or rooms for home occupations listed below, provided that office, studio or rooms are located in a dwelling in which the practitioner resides,

or in a building accessory thereto, and provided further that no goods are publicly displayed on the premises. The following home occupations shall be allowed:

"(a) Custom dressmaking, millinery, tailoring, sewing of fabric for custom apparel and custom home furnishing.

"(b) Foster family care.

"(c) Any office in which chattel or goods, wares or merchandise are not commercially created, exchanged, displayed or sold.

"(d) Tutoring.

"(e) Fine arts studio in which are created only individual works of art."

Counsel have not brought to our attention any case directly on point with the case at bar. As was stated in the case of Bonasi v. Haverford Township Board of Adjustment, 382 Pa. 307 (1955):

"In determining what types of uses are meant to be included as professional uses, the court is not concerned with abstract or theoretical definitions, but must construe the term in light of the language employed in the Zoning Ordinance in question." The ordinance here provides for "professional office or studio of a . . . teacher, artist . . . musician . . ." The term professional office or studio of a "teacher" or "practitioner of a similar character" embraces a dance instructor. The dance has always been considered an art requiring unusual grace and skill. An Ohio Court of Appeals, in Stewart v. Humphries, 132 N. E. 2d 758 (1955), states, at page 760: "We have no trouble in arriving at the conclusion that dancing is an art. Centuries ago it was commended by Plato in a quoted statement that it is the highest form of 'physical culture.'" This art form, in common parlance, is a profession and not a business. In Delpriore v. Ball, 281

App. Div. 214, 118 N.Y.S. 2d 53 (1953), the Appellate Division of the New York Supreme Court had before it an ordinance that listed "doctor, dentist, artist, musician or other person engaged in comparable professional service." There the court referred to dancing instruction as a professional activity and permitted it as a use recognized in the residential district under the quoted terms. Our own Supreme Court in O'Neill v. Philadelphia Zoning Board of Adjustment, 384 Pa. 379 (1959), states at page 382: "Appellant Chilkovsky, a concert dancing teacher, outstanding in her profession . . .", thereby recognizing the elevated status generally afforded to this art. The wide range of occupations named in this ordinance following the use of the term "professional offices" strongly indicates that a broad meaning is to be accorded that term. Hence we have no hesitation in holding that a dance studio falls within the purview of the ordinance.

We, therefore, turn our attention to the term "teacher." Appellant is a teacher under every definition of that term known to us. We agree with her that she fits within that term. The township fears that instruction in meat cutting or welding can be permitted if we find appellant to be a teacher. This is not true. We find appellant a teacher of a subject entitling her to carry on her activity as a professional office or studio. This narrowly limits the permitted instruction in this residential district to those activities envisioned by the legislative body of the township.

The decision of the board must be affirmed, however, on another ground. Appellant testified that she planned to use three assistants in her dancing studio. The assistants are to be unsalaried apprentices. The use of these additional instructors takes the activity outside of the uses contemplated in the ordinance as an "accessory use" or home occupation. The ordinance permits a resident to carry on professional activity, or a home

occupation, in his residence. It does not envision the expansion of this use to the degree intended by appellant. The ordinance, in section B (4), contains the proviso that the activity be located "in a dwelling in which the practitioner resides . . . " If appellant maintains a dance studio in her home it is a permitted use. If appellant brings additional instructors upon the property to carry out her dance teaching program, she exceeds the permitted use.

The ordinance contemplates the type of professional office or studio which is ordinarily conducted in a dwelling house by the residential occupier of the dwelling. For instance a lawyer could not set up his professional office in his home, and then be permitted to install his partners, associates, clerks and stenographers in such an office. So, too, it seems to us that a teacher-pupil relationship in a home studio connotes a direct relationship, and not a relationship through the medium of instructors. If the latter relationship were intended, we would expect the ordinance to describe the permitted activity as a college, an academy, a school, or the like. A doctor may be permitted to hire a nurse and a lawyer a secretary. Such help is expected in a professional office of that nature. The ordinance must be interpreted reasonably and we are well aware that difficulties will arise from time to time because of these distinctions. The guiding point, however, of the resident's professional activity, and the limiting of this activity to the resident is a sufficient standard of the meaning to be given to the ordinance. As applied to this case, appellant is attempting to go beyond the permitted use and we, therefore, affirm the decision of the board.

### Order

And now, June 6, 1962, the decision of the Zoning Board of Adjustment of Plymouth Township is affirmed.