In the Matter of JOSEPH CARBONARA, Respondent, v. ANTHONY SACCA et al., Constituting the Zoning Board of Appeals of the Town of Huntington, Appellants. — Judgment of the Supreme Court, Suffolk County, entered February 8, 1974, reversed, on the law, without costs, and petition dismissed. The judgment held that the operation of a karate school in residential premises is a permitted use under the applicable town ordinance, but it remanded the application to the Zoning Board of Appeals (ZBA), for the purpose of establishing conditions as a prerequisite to such operation. Petitioner, Joseph Carbonara, and his wife are co-owners, as tenants by the entirety, of a residence at East Northport in the Town of Huntington. It is situated in an R-5 residential district, which requires a minimum area of 5,000 square feet and a 50-foot minimum width. The property is 50 feet by 150 feet for a total of 7,500 square feet. Carbonara applied for a permit to operate a karate school in the lower portion of his split level dwelling as a home occupation. The area planned to be used for the enterprise contains 600 square feet of a total in the house of 2,150. Upon denial of the application by the Building Inspector, Carbonara appealed to the ZBA. " Home occupations " as contained in the zoning ordinance of the Town of Huntington under definitions (ch. 62, § 62–2.1), comprise, but are not limited to, the following: " (a) Artist's studio but not including an art gallery; (b) Dressmaking; (c) Professional Office of a physician, dentist, lawyer, architect, engineer, accountant, or other similar occupation deemed similar by the Zoning Board by reason of education, training and experience; (d) Teaching with musical instruction limited to one or two pupils at a time." Carbonara's position is that the teaching of karate is a home occupation similar to that permitted by (d) above. He points out that dancing schools have been accorded a permitted use status through judicial interpretation of accessory uses (*Matter of Delpriore v. Ball*, 281 App. Div. 214, affd. 306 N. Y. 775); and that, by extension, his project should receive like treatment. The rationale for permitting home occupations long antedates the creation of zoning ordinances. For as stated in 73 ALR 2d 443: " The doctor, dentist, lawyer, or

notary has from time immemorial used his own home for his office. Similarly the dressmaker, milliner, and music teacher worked in her own home. The earliest zoning ordinances took communities as they existed and did not try to prevent customary practices that met with no objection from the community." Here, however, the ZBA denied the application on the ground that karate instruction does not qualify as a home occupation; and that to grant the relief sought would, in effect, permit the operation of a commercial enterprise in a residential zone. In stating that he found the use for which petitioner applied to be within the town's permitted uses, the Justice at Special Term remarked: " However I can understand the reluctance of the Board of Appeals to encourage these residence accessory uses since they do tend to violate the integrity of the zoning ordinance." We concur in that view, and in so doing echo the sentiments expressed in *Matter of Lemir Realty Corp.* v. *Larkin* (11 N Y 2d 20, 24), substituting " permitted use " for the items there mentioned: " We read the Appellate Division's opinion as a restatement of the settled rule that in reviewing board actions as to variances or special exceptions the courts do not make new or substitute judgments but restrict themselves to ascertaining whether there has been illegality, arbitrariness, or abuse of discretion ". Since none of the factors mentioned are present at bar, we reverse. Martuscello, Acting P. J., Latham, Cohalan, Brennan and Munder, JJ., concur.