THE COUNTY OF DU PAGE, Plaintiff-Appellant, *v.* JANICE ELLIOTT, Defendant-Appellee.

Second District No. 79-369

Opinion filed June 12, 1980.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert L. Thompson, Assistant State's Attorney, of counsel), for appellant.

Kalinich, McCluskey, Mehling and Nigro, of Glen Ellyn (Paul T. Kalinich, of counsel), for appellee.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

The County of Du Page filed suit seeking to enjoin defendant, Janice Elliott, from conducting counseling services in her home on the ground that it is an illegal use in a single-family residential area. At the close of the county's case, the Circuit Court of Du Page County granted defendant's motion for a directed verdict, and this appeal followed.

Defendant is a professional counselor with a masters degree in social work. In addition, she is certified by the State of Illinois as a counselor. Her principal office is located in Chicago, but she conducts additional counseling sessions in her home in Du Page County, which is in an area zoned single-family residential. Defendant conducts a maximum of five individual counseling sessions per week and two group sessions with nine individuals per week. Approximately 10 times per year, defendant offers weekend counseling for groups of 15 people. These sessions begin on Friday at 8 p.m. and end on Sunday at 2 p.m.

On March 23, 1978, the county filed suit seeking to enjoin defendant's counseling sessions on the ground that they were an illegal use in a

residential area. In response, defendant claims her use is a lawful "home occupation," or, in the alternative, that the zoning ordinance is unconstitutional as applied to her. At the hearing, defendant's neighbors testified that they had noticed an increase in traffic since defendant had moved into the neighborhood. The witnesses also stated that a large number of cars were parked in defendant's driveway, and that, on occasion, additional cars were parked in the street. The witnesses stated their belief that defendant's use of the property rendered the neighborhood more dangerous for their children because of the increased traffic and on-street parking.

Defendant testified that she asks her clients to park in the driveway if possible, or in the adjacent school parking lot. Defendant also stated that the activity during the counseling sessions occurs entirely within her home, primarily in her 30 by 76 foot basement, although sometimes the people would take walks outside during coffee breaks.

At the close of the county's case, the trial court granted defendant's motion for a directed verdict. The order contained restrictions limiting defendant's counseling sessions to the present level of activity. The trial court's decision was based upon its conclusion that defendant's counseling service was a professional activity, and as such was permitted under the Du Page County zoning ordinance as a home occupation. The trial court also indicated it could find no reasonable distinction between defendant's use of the property and the uses specifically permitted under the ordinance for physicians, clergymen and lawyers who would also generate increased traffic and possibly provide counseling services in conjunction with their profession. The county filed a timely notice of appeal.

The Du Page County zoning ordinance permits accessory uses customarily incidental to residential use, such as "home occupations" in residential areas. The ordinance defines home occupation as:

"Any gainful occupation or profession engaged in by the occupant of a dwelling at or from the dwelling. Permissible home occupations shall not include the conducting of a retail business other than by mail, manufacturing business, or a repair shop of any kind on the premises. Permissible home occupations further shall include the employment of one additional person in the performance of such services. There shall be no exterior display, no exterior sign except as allowed in the sign regulation for the zoning district in which such home occupation is located, and there shall be no exterior storage of equipment or materials used in the home occupation. Permissible home occupations include but are not limited to the following: art studio, dressmaking, professional offices of a clergyman, lawyer, physician, dentist, architect,

engineer, or accountant, when located in a dwelling unit occupied by the same; and teaching, with musical, dancing and other instruction limited to one pupil at a time. However, home occupations shall not be construed to include uses such as the following: clinic or hospital, barber shops or beauty parlor, public stable or dog kennel, real-estate office or restaurant."

Thus the sole issue presented by this appeal is whether the defendant's use, as summarized above, of her residence located in an area zoned residential is a "home occupation" "customarily incidental" to her use of the property for residential purposes.

In *County of Lake v. La Salle National Bank* (1979), 76 Ill. App. 3d 179, 182, 395 N.E.2d 392, 394, this court defined "customary" as "agreeing with custom, commonly practiced, used or observed or established by common usage." "Incidental" was defined as "anything usually connected with the principal use, something which is necessary, appertaining to or depending upon the principal use." Initially the county contended that since there was no evidence of other professional counseling services being conducted in a residence in Du Page County, the defendant's use could not be considered to be "customary." However, at oral argument, the county conceded that defendant's counseling activities were not generically different than those undertaken by lawyers or ministers. Thus there is no question that the counseling activities of the defendant can be considered customary to residential areas. The key question that remains is whether or not the intensity of the defendant's activities meets the additional requirement that her counseling be incidental to her residential use of her property.

Two Illinois cases are helpful in resolving this issue. In *Village of Riverside v. Kuhne* (1948), 335 Ill. App. 547, 82 N.E.2d 500, defendant operated a real estate business in his home in an area zoned residential but on the boundary between the residential and business district. Defendant lived in the home with his wife and child and operated the real estate business out of one room in the home with his wife assisting with the office work. Defendant promoted his business with newspaper advertising and the placement of a sign in his front yard. The court concluded that defendant's use was not an accessory use incidental to the residential purpose, but rather was a business in that it involved repeated contacts with customers in the home. Similarly, the case of *City of Rockford v. Eisenstein* (1965), 63 Ill. App. 2d 128, 211 N.E.2d 130, turned at least in part on the intensity of the nonresidential use. In that case the defendant was a widow who operated a dance studio in the basement of her home. She conducted one to five classes per day, Monday through Saturday, with two to eight pupils per class. The home was in a residential area which allowed accessory uses incidental to the residential use,

including professional offices and home occupations. The court concluded that the dance studio as operated by defendant was an incidental use similar to the traditional home occupations of dressmaker, milliner or music teacher. The court noted that defendant did not operate her studio on a scale which would be considered a commercial enterprise similar to the large franchise dance studios. Since defendant's use of her property was primarily residential, the court found her dance studio to be a lawful use incidental to the residential purpose.

Zoning ordinances, with exceptions similar to the instant one, have been enacted to accommodate a traditional and recognized custom of practicing certain occupations within the home. (2 R. Anderson, American Law of Zoning §13.01, at 504 (2d ed. 1976).) When zoning ordinances were enacted, many of these home occupations, such as doctors, lawyers, dentists, dressmakers, milliners and music teachers, were permitted to continue with restrictions to limit their impact on the surrounding residential area. (2 R. Anderson, American Law of Zoning §13.01, at 508 (2d ed. 1976).) The Du Page County ordinance reflects an attempt to accommodate these conflicting interests. The ordinance and case law indicates two basic requirements in this area, namely, that the occupation be one which falls within the permissible customary "home occupations," and that it be carried on in a manner conducive to the residential character of the neighborhood. See Annot., 73 A.L.R.2d 439, 441-42 (1960).

In the instant case there is no question that defendant's use is a customary home occupation. However, based on the present record, it is our view that the intensity of her nonresidential use is not conducive to the maintenance of the residential character of the neighborhood and is not incidental to its residential use. While defendant's activities are clearly less intensive than those prohibited in *Village of Riverside*, they are also not of the limited nature approved in *City of Rockford*. In particular, any finding that the defendant's periodic use of her home for overnight counseling sessions for groups as large as 15 people can be characterized as an incidental use is against the manifest weight of the evidence.

In sum, we hold that the trial court improperly granted defendant's motion for a directed verdict at the close of plaintiff's case. Accordingly, the judgment of the Circuit Court of Du Page County is reversed, and this cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

WOODWARD and VAN DEUSEN, JJ., concur.