■ In the Matter of DORIS VAN VALKENBURG, Appellant, v SUSAN DURFEE et al., Constituting the Zoning Board of Appeals of the Village of Middleburgh, et al., Respondents.— Yesawich, Jr., J. Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered February 7, 1985 in Schoharie County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Village of Middleburgh Zoning Board of Appeals finding petitioner was in violation of Local Laws, 1979, No. 1 of Village of Middleburgh, and to declare the law invalid.

Petitioner and her husband on a one-family dwelling in an area of the Village of Middleburgh, Schoharie County, which is zoned residential but permits accessory uses of a "service character". For approximately five years, petitioner had been selling used merchandise from her garage. Complaints by neighbors regarding this use of petitioner's property triggered an investigation by the Village zoning officer in 1984. He concluded that petitioner's ongoing garage sales constituted an unauthorized commercial enterprise and, therefore, directed her to cease violating the zoning ordinance.

On her appeal to the Village's Zoning Board of Appeals (Board), as well as here, petitioner maintained that: (1) procedural defects in the applicable zoning law rendered it invalid, and (2) even assuming the law to be valid, petitioner's business was a permitted residential use. Following a hearing, the Board found petitioner in violation of Local Laws, 1979, No. 1 of Village of Middleburgh. Petitioner then commenced the instant CPLR article 78 proceeding, the dismissal of which by Special Term prompted this appeal.

As respondents note, an article 78 proceeding is an improper vehicle for challenging the validity of the local law's adoption (see, Matter of Overhill Bldg. Co. v Delany, 28 NY2d 449, 457-458; Matter of Paliotto v Cohalan, 6 AD2d 886, affd 8 NY2d 1065). However, in the interest of judicial economy, rather than dismiss this proceeding we elect to treat it as an action for a declaratory judgment (see, CPLR 103 [c]; Matter of Lakeland Water Dist. v Onondaga County Water Auth., 24 NY2d 400) and address petitioner's contention that the record demonstrated the invalidity of Local Law No. 1.

This claim that the local law is invalid is predicated on alleged procedural irregularities in its enactment and in part on representations said to have been made by the Village's attorney to petitioner's attorney, which are not in the record. Petitioner, who has the burden of establishing that the claimed procedural irregularities occurred, has simply failed to make "an adequate factual showing on this issue [of procedural defects], supplying us with only conclusory allegations based on information and belief. This is not sufficient to rebut the presumption of regularity and honest motivation which attaches to official acts" (Matter of Roske v Keyes, 46 AD2d 366, 368). Moreover, there is no indication that petitioner attempted to compel production of those documents required to lend substance to her contention, deposed the Village Clerk to ascertain whether the documents existed, or sought affidavits from the Village Trustees regarding the regularity of the

procedures utilized. Given respondents' denial of the alleged procedural errors and petitioner's failure to overcome the presumption of regularity, we are obliged, on this record, to uphold Local Law No. 1.

Parenthetically, were we to review the Board's decision on the merits, we would affirm for it cannot be said that the Board's determination is arbitrary or contrary to law *(see, Matter of Paisley Dev. Corp. v Zoning Bd. of Appeals,* 58 AD2d 705, 706).

Judgment modified, on the law, without costs, by converting the proceeding into an action for a declaratory judgment and declaring that Local Laws, 1979, No. 1 of Village of Middleburgh was lawfully enacted, and, as so modified, affirmed. Main, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.