■ In the Matter of SURYANARAYAN M. PUTCHA et al., Appellants-Respondents, v DONALD BEATTIE et al., Constituting the Zoning Board of Appeals of the City of Binghamton, Respondents-Appellants.—Weiss, J. Cross appeals from a judgment of the Supreme Court at Special Term (Crew, III, J.), entered July 7, 1986 in Broome County, which remitted petitioners' request for a use variance to respondents for further consideration and, in all other respects, dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioners' requests for variances.

In 1974, petitioners purchased property which contained a dwelling house and carriage house, both of brick-veneer design, in an "RO" (residence-office) zone in the City of Binghamton. Petitioners resided in the upstairs portion of the dwelling and used the first floor as medical offices as a permitted home occupation (accessory use) in the house. Subsequently, petitioners moved their residence to a different location, but continued to use the dwelling for office space. In 1979, petitioners were granted a building permit to convert the carriage house into an X-ray facility which has continually been used as such. In 1983, a building permit was issued for construction of an enclosed passageway from the rear of the dwelling to the carriage house, but construction never occurred. Instead, petitioners obtained another permit to construct a more substantial enclosed passageway (to include office space) and a garage addition to the former carriage house. By December 1984, construction of the enclosed passageway was complete but, before the garage addition was finished, the city's Bureau of Buildings (Bureau) notified petitioners that (1) the garage addition violated City of Binghamton Zoning Ordinance § 617 (3) as enlargement of a preexisting nonconforming building; (2) the garage addition would violate a 20-foot rear setback requirement set forth in Zoning Ordinance § 501; and (3) the enclosed passageway and garage addition violated Zoning Ordinance § 307 because they "architecturally altered" the exterior of the existing buildings. When the Bureau conceded that the building permit for the enclosed passageway and garage addition had been erroneously issued, construction of the garage addition was halted.

On February 15, 1985, petitioners submitted applications to the City's Zoning Board of Appeals (Board) seeking alternative forms of relief: (1) an interpretation whether the enclosed passageway or the garage addition "architecturally altered" the dwelling and carriage house under Zoning Ordinance § 307; (2) a use variance permitting use of the enclosed passageway and garage addition as medical office space despite any architectural alterations; and (3) an area variance waiving the 20-foot rear setback requirement to allow the garage addition to remain as built. Following a public hearing, the decision of the Board (1) held that petitioners had architecturally altered the original dwelling and carriage house, (2) denied a use variance, thus prohibiting use of the enclosed passageway or garage addition for any purpose, and (3) denied an area variance for the garage addition. Special Term upheld the determination made as to the architectural alteration, but

remitted the request for a use variance to the Board to redetermine the application under the "practical difficulties standard" applicable to area variances. As to all other matters, Special Term dismissed the petition. Petitioners appeal from the dismissal portion of the judgment, and respondents cross-appeal from that part of the judgment which remitted for reconsideration the request for a use variance.

Special Term correctly upheld the Board's conclusion that the passageway and garage addition "architecturally altered" the exteriors of the dwelling and carriage house. That determination is neither arbitrary nor capricious and is supported by the following substantial evidence in the record. The photographs and blueprints amply demonstrate that the buildings' increase in size, forming a connected office complex, resulted in an architectural alteration; that the wood construction on the passageway exterior differed from the brick on the dwelling and carriage house; and that substantial portions of the carriage house and a large portion of the rear of the dwelling were blocked from view by the new construction. Although the term "architecturally altered" is not defined in the ordinance, Zoning Ordinance § 711 (2) gives the Board authority to decide any question involving the interpretation of its provisions. Therefore, the Board's determination is controlling unless its interpretation is unreasonable or irrational (see, Matter of Frampton v Zoning Bd. of Appeals, 114 AD2d 670). Because Zoning Boards have such discretion in considering applications for variances, the judicial role is limited (Matter of Fuhst v Foley, 45 NY2d 441, 444). Our sole concern here is whether there is substantial evidence to support the determination reached by the Board (See, Matter of Friendly Ice Cream Corp. v Barrett, 106 AD2d 748, 749). We hold that there is.

We further find that Special Term correctly rejected petitioners' challenge to the constitutionality of Zoning Ordinance § 307 as not properly before the court. A CPLR article 78 proceeding is not an appropriate vehicle with which to test the constitutionality of legislative enactments (Matter of Overhill Bldg. Co. v Delany, 28 NY2d 449, 458; Matter of Van Valkenburg v Durfee, 115 AD2d 157, 158).

We next consider petitioners' application for a variance permitting use of the passageway-office area and garage addition as medical office space, which they themselves labeled a request for a use variance. Petitioners requested this variance in the event that the Board determined that the construction had in fact "architecturally altered" the main dwelling and

carriage house. In effect, they sought a waiver of the prohibition against such architectural alteration to permit the additions to be used as office space. Special Term found that the Board erred in considering the request as an application for a use variance governed by the stringent "unnecessary hardship" test *(see, Matter of Consolidated Edison Co. v Hoffman,* 43 NY2d 598; *Matter of Otto v Steinhilber,* 282 NY 71, 76), and remitted the matter for consideration under the "practical difficulties" standard for area variances. We reach a different conclusion. Pursuant to Zoning Ordinance § 501, professional offices are not permitted as a primary use in an RO zone. Instead, by special permit, a dwelling structure existing before 1969 may be converted for the professional office use of a doctor under specific limitations, one of which, here pertinent, is that the exterior of an existing structure may not be architecturally altered, but must support and harmonize with the predominant residential development in the district (City of Binghamton Zoning Ordinance §§ 307, 501 [18]; § 702). For the reasons stated before, we hold that the construction project and use of the additions were not permitted principal uses in an RO district. Thus, the Board correctly determined that a use variance was required, and it was error for Special Term to have remitted the matter to the Board.

We further find that the Board's denial of petitioners' application for a use variance is supported by substantial evidence. The Board applied Zoning Ordinance § 711 (3), which essentially contains the three criteria set forth in *Matter of Otto v Steinhilber (supra)* and found that petitioners had failed to sustain their burden of proof. After examination of the record, we agree.

Nor do we find petitioners entitled to an area variance. In *Matter of Friendly Ice Cream Corp. v Barrett (supra),* this court enumerated factors to be considered upon application for an area variance. Here, the Board essentially employed such criteria. While we recognize that expenditures made in reliance upon an invalid building permit are relevant to the question of economic injury *(Matter of Jayne Estates v Raynor,* 22 NY2d 417), the Board properly determined that petitioners were not entitled to the equitable benefit of this rule. The addition to the carriage house, purportedly built for use as a garage addition, was instead built for an office. The permit issued was valid only if petitioners resided in the premises; they had moved out, thereby making professional office use illegal without a special use permit. Petitioners also misrepresented the cost of construction and failed to prove that the

premises could not be used for other purposes to their economic benefit. The problem was found to be self-created, and the issuance of the variance would be injurious to the neighborhood. Finally, they could have constructed a true garage within the 20-foot setback minimum. Substantial evidence in the record supports the Board's determination.

Finally, petitioners' supplemental application for a ratifying use variance permitting conversion and extension of the carriage house as an X-ray facility and related medical office space was properly dismissed by Special Term. Since no administrative official had yet challenged petitioners' use of the X-ray facility, the Board was without jurisdiction to entertain the application (see, General City Law § 81 [1]; City of Binghamton Zoning Ordinance § 711 [3]).

Judgment modified, on the law, without costs, by dismissing the petition in its entirety, and, as so modified, affirmed. Kane, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.