■ In the Matter of DAVID KLINGAMAN et al., Respondents, v WILLIAM MILLER et al., Constituting the Zoning Board of Appeals of the City of Troy, Appellants, and JOHN McGRAW et al., Intervenors-Appellants.—Casey, J. Appeal from a judgment of the Supreme Court (McDermott, J.), entered September 12, 1989 in Rensselaer County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Zoning Board of Appeals of the City of Troy granting intervenors' request for an area variance.

In February 1988, intervenor John McGraw applied for a work permit for the construction of an addition to the detached garage of his home, located in a residential zone in the City of Troy, Rensselaer County. McGraw and his wife intended to use the addition as a graphics art studio, which McGraw claimed was a permitted use under the home occupation definition in the city's zoning ordinance. The application was denied by the Director of Code Enforcement on the ground that an area variance was required because the 760 square-foot proposed addition exceeded the 300 square-foot maximum for home occupation contained in the ordinance. McGraw applied to the city's Zoning Board of Appeals (hereafter the Board) for an area variance and, after a hearing at which several neighbors objected to the intrusion of a business into a residential neighborhood, the Board granted McGraw's application.

Petitioners, two residents of the McGraw neighborhood, commenced this CPLR article 78 proceeding to annul the determination, contending that the Board erred in concluding that the proposed use was a home occupation and in concluding that McGraw was entitled to an area variance. Supreme Court held that a graphic arts studio constitutes a home occupation, but that the proposed "expansion to a detached garage for a home occupation is not in conformance with the

[city's] Ordinance". The Board's determination was annulled, resulting in this appeal by the Board. The McGraws have intervened by permission of this court. We reverse.

The city's zoning ordinance defines home occupation as "[a]n occupation or profession which * * * [i]s customarily carried on in a dwelling unit, or in an attached building provided no commodity is sold upon the premises". Although the definition contains other requirements, Supreme Court's decision was apparently based exclusively upon the quoted provision. After a review of the zoning ordinance, we conclude that the question of whether an occupation or profession which otherwise meets the definition of a home occupation can be carried on in an addition to a detached garage requires an interpretation of the zoning ordinance, and the question cannot be answered solely by reference to the quoted provision. Rather, reference must be made to all relevant provisions in the zoning ordinance, including the definitions of accessory use, accessory building, floor area and private garage, and the list of uses specified by the ordinance as permitted in the particular district.

The Board is expressly authorized to hear and decide requests for interpretations of the zoning ordinance, and in the ordinary course of events, the Board would interpret the ordinance and the court would review the administrative interpretation in the ensuing article 78 proceeding (see, e.g., Matter of Putcha v Beattie, 129 AD2d 918, 920; Matter of Bockis v Kayser, 112 AD2d 222, 223). It is apparent from the record, however, that the Board did not exercise its authority to interpret the ordinance in the matter under review. No one raised the question of whether a home occupation could be conducted in an addition to a detached garage, and the Board did not consider or rule on the question. Rather, all parties at the administrative level proceeded on the assumption that a home occupation in an addition to a detached garage was permissible, with the only question being whether the area variance should be granted to permit the graphic arts studio to cover more floor area than the maximum allowed for a home occupation. We are of the view that petitioners' failure to raise the issue at the administrative level and to request that the Board interpret the ordinance, a remedy specifically authorized by the ordinance, constitutes a failure to exhaust an available administrative remedy thus precluding petitioners from raising the issue for the first time in this article 78 proceeding (see, Matter of Frampton v Zoning Bd. of Appeals, 114 AD2d 670, 671; cf., Matter of Jonas v Town of Colonie, 110

AD2d 945, 946-947). This is not to say, as the Board claims on appeal, that petitioners were required to appeal to the Board from the decision of the Director of Code Enforcement; petitioners were not aggrieved by that decision which resulted in a denial of McGraw's application for a work permit. Rather, petitioners were required to seek, in a timely manner, the Board's interpretation of the zoning ordinance before raising the issue in an article 78 proceeding.

Turning to petitioners' challenge to the determination actually made by the Board, concerning McGraw's entitlement to an area variance, we see no basis for disturbing the determination. At best, petitioners' arguments establish that there exists a rational basis for denying the area variance, but the requisite showing of illegality, arbitrariness or abuse of discretion in the Board's grant of the variance (see, *Matter of Fuhst v Foley,* 45 NY2d 441, 444) has not been made. The record establishes that the Board considered the relevant factors and exercised its judgment in a reasonable manner and upon a rational basis. That petitioners, or the courts, would exercise their judgment in a different manner is irrelevant (see, *Matter of Frishman v Schmidt,* 96 AD2d 1043, *affd* 61 NY2d 823).

Judgment reversed, on the law, with costs to the intervenors against petitioners, determination confirmed and petition dismissed. Kane, J. P., Casey, Levine, Mercure and Harvey, JJ., concur.