■ In the Matter of KENNETH MACK et al., Respondents, v BOARD OF APPEALS, TOWN OF HOMER, Also Known as TOWN OF HOMER ZBA, et al., Respondents, and MICHAEL J. SWEENEY et al., Appellants. [807 NYS2d 460]—

Kane, J. Appeal from a judgment of the Supreme Court (Rumsey, J.), entered January 21, 2005 in Cortland County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Board of Appeals, Town of Homer.

Petitioners are homeowners in the Town of Homer, Cortland County in an area zoned for residential and agricultural uses. Respondents Michael J. Sweeney and Kelli L. Sweeney (hereinafter collectively referred to as respondents) purchased an adjacent lot which has an easement and right-of-way across petitioners' property as the only means of ingress and egress. Respondents sought a determination from the Town's code enforcement officer (hereinafter CEO) as to whether a pest extermination business operated out of their home would constitute a home professional office, which is a permitted use under the Town's zoning ordinance. The CEO informed respondents that, in his opinion, the proposed use would not qualify as a home professional office as defined by the zoning ordinance because their business employed people who did not reside there, used business vehicles which would be parked on the premises and no services would be provided out of respondents' home. Respondents appealed the CEO's interpretation to respondent Board of Appeals, Town of Homer. Following a public hearing, the Board determined that the proposed use qualified as a home professional office but only if four or fewer employees worked there. Petitioners commenced this CPLR article 78 proceeding to annul the Board's determination. Supreme Court granted the petition on the basis that pest extermination is not a profession contemplated by the zoning ordinance (7 Misc 3d 607 [2005]). Respondents appeal.

Initially, petitioners had standing to commence this proceeding. Standing is established when a petitioner shows injury-in-fact and such injury falls within the zone of interests to be protected by the ordinances at issue (*see Matter of Center Sq. Assn., Inc. v City of Albany Bd. of Zoning Appeals*, 9 AD3d 651, 652 [2004]). The harm must be direct and different from that suffered by the public at large (*see id.* at 652; *Matter of Gallahan v Planning Bd. of City of Ithaca*, 307 AD2d 684, 685 [2003], *lv denied* 1 NY3d 501 [2003]). A showing of close proximity to the subject property presumptively establishes such harm (*see Matter of Center Sq. Assn., Inc. v City of Albany Bd. of Zoning Appeals, supra* at 652). Here, the only way respondents can gain access to their property is by traversing petitioners' property on the easement and right-of-way, traveling within 150 feet of petitioners' home. Interpretation of a zoning ordinance permitting respondents to have multiple employees and business vehicles utilizing that easement would directly affect petitioners in a way distinctly different from any harm to the general public. Thus, petitioners clearly had standing.

Petitioners were not required to appeal the CEO's interpreta-

tion to the Board because they were not aggrieved by it, even if they disagreed with the opinion or rationale behind that interpretation (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545 [1983]; Matter of Save the Pine Bush v Zoning Bd. of Appeals of Town of Guilderland, 220 AD2d 90, 94 [1996], lv denied 88 NY2d 815 [1996]). When respondents appealed, petitioners were permitted to raise alternate grounds to support or affirm the decision being reviewed (see Matter of Save the Pine Bush v Zoning Bd. of Appeals of Town of Guilderland, supra at 94). Because petitioners raised an alternate ground at the public hearing before the Board, respondents had an opportunity to address that ground and the Board's counsel specifically noted that the issue was being raised, petitioners did not need to separately seek an interpretation of the zoning ordinance on that ground to exhaust their administrative remedies (compare Matter of Klingaman v Miller, 168 AD2d 856, 857-858 [1990]).

Contrary to respondents' contention and the CEO's opinion at the public hearing,* the Board was permitted to and did address a broader issue than the grounds upon which the CEO based his interpretation. The public notice announcing the hearing declared that "[a]n interpretation is requested as to whether [respondents'] proposed use qualifies as a home professional office"; this notice mirrored respondents' application for review of the CEO's interpretation. Petitioners raised this as an issue to be decided as an alternate ground to find that respondents' proposed use was not permitted by the ordinance (compare Matter of Klingaman v Miller, supra at 857-858). The Board heard proof with respect to the issue from both sides and of necessity decided the issue when it imposed conditions on the operation of respondents' business. Accordingly, Supreme Court appropriately considered this ground when reviewing the Board's determination.

Supreme Court properly determined that a pest extermination business does not qualify as a home professional office. The Town's zoning ordinance defines a home professional office as "[t]he office of a resident professional person, such as a dentist, physician, musician, engineer, teacher, lawyer, artist, architect or members of other recognized professions, and licensed real estate and insurance agents and brokers, where such office is part of the residence building" (Homer Zoning Code § 109-1).

---

* Although the CEO determined that respondents' proposed use was impermissible under the zoning ordinance, at the public hearing he advised the Board that he never determined whether pest control was a profession because he made his determination for other reasons.

While courts must generally give great deference to a zoning board's interpretation of a local ordinance—disturbing it only if it is irrational or unreasonable—deference is not required when the issue is one of pure legal interpretation of a statute or ordinance (*see Matter of Blalock v Olney*, 17 AD3d 842, 843-844 [2005]).

The legal question here is whether a pest exterminator is a "professional person" similar to those listed "or members of other recognized professions." The Court of Appeals discussed the term "professional" as referring to "the learned professions, exemplified by law and medicine," which share qualities including "extensive formal learning and training, licensure and regulation indicating a qualification to practice, a code of conduct imposing standards beyond those accepted in the marketplace and a system of discipline for violating those standards" (*Chase Scientific Research v NIA Group*, 96 NY2d 20, 29 [2001]; *cf. Matter of Wexler v New York State Tax Commn.*, 129 AD2d 245, 247-248 [1987]). Although pest exterminators must be certified by the Department of Environmental Conservation (*see* 6 NYCRR part 325), licensure alone is insufficient to categorize an occupation as a profession without concomitant "extensive specialized education and training" (*Chase Scientific Research v NIA Group, supra* at 30). These certification requirements, as opposed to licensure for professions under the auspices of the Education Department, seem to exist more for the purpose of controlling dangerous chemicals than to regulate the practice of a profession. No proof was offered as to a code of ethics for exterminators, nor any system of discipline for violations of those standards. While each municipality's zoning ordinance may have different language, in the zoning context courts have denied the status of profession to individuals engaged in other businesses (*see e.g. Matter of Simon v Board of Appeals on Zoning of City of New Rochelle*, 208 AD2d 931, 932 [1994] [management consultant]; *Bond v Cooke*, 237 App Div 229, 231-233 [1932] [undertaker]; *see also Matter of Carbonara v Sacca*, 45 AD2d 1006 [1974] [operation of karate school not a home occupation similar to list including music teacher]). Even though pest exterminators have industry publications, state and national associations and training or education requirements for certification, that occupation does not meet the definition of a profession under the ordinance, as opposed to being a simple business. Thus, Supreme Court correctly annulled the Board's determination.

Mercure, J.P., Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs. [*See* 7 Misc 3d 607 (2005).]