■ In the Matter of CONCERNED RESIDENTS OF NEW LEBANON et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF NEW LEBANON et al., Respondents. [641 NYS2d 199] —Crew III, J. Appeals (1) from a judgment of the Supreme Court (Cobb, J.), entered December 19, 1994 in Columbia County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Zoning Board of Appeals of the Town of New Lebanon approving a special use permit for respondent Lebanon Valley Auto Racing, Inc., and (2) from an order of said court, entered July 10, 1995 in Columbia County, which denied petitioners' motion for leave to renew.

Respondent Howard Commander is the principal shareholder and president of Lebanon Valley Auto Racing, Inc. (hereinafter Lebanon), the owner of the property upon which the Lebanon Valley Speedway is located on State Route 20 in the Town of New Lebanon, Columbia County. This appeal concerns the drag strip at the speedway, which is owned by respondent Wraith Automobile Racing, Inc. In March 1994, Commander applied for a zoning permit for the construction of a tower control building to replace the existing control building at the speedway, a return road for racing vehicles, a 40 feet by 50 feet maintenance and storage shed, and the paving of the existing race preparation area. The code enforcement officer for the Town of New Lebanon denied the application and Commander, on behalf of Lebanon and Wraith (hereinafter collectively referred to as the applicants), appealed to respondent Zoning Board of Appeals of the Town of New Lebanon (hereinafter the ZBA). In a separate application, Commander requested and was granted a permit allowing the construction of new bleachers, which would add an additional 1,000 seats at the speedway.

The aforesaid improvements were the subject of discussion at three public ZBA meetings held in April 1994 and May 1994. At the first such meeting, the ZBA concluded that the project could result in increased usage at the speedway and required the applicants to obtain a special permit. At the second meeting, the special permit application was considered pursuant to the requirements of the State Environmental Quality Review

Act (ECL art 8), the application was classified as an "unlisted" action and, after reviewing the applicants' environmental assessment form, the ZBA issued a negative declaration of environmental significance. At the third meeting, the ZBA approved the special permit. While recognizing that the noise generated by the speedway was the primary concern regarding the issuance of the permit, the ZBA observed that the operation of the speedway and accompanying noise preexisted the application by more than 30 years.

Petitioners, an unincorporated association and the individual members thereof who are residents of or real property owners in the Town, commenced this CPLR article 78 proceeding against the ZBA to annul the issuance of the special permit. The applicants thereafter moved to intervene, alleging that the controversy was moot because the construction approved by the special permit had been substantially completed. Supreme Court granted the applicants' motion to intervene and dismissed the petition as moot.

Following dismissal of the petition and some seven months after the issuance of the special permit, Commander applied to the ZBA for modification of the special permit in order to develop additional parking areas and to construct a pedestrian foot bridge over Route 20, together with an additional 4,000-seat bleacher. Petitioners then sought to renew, alleging that the application for modification constituted a second phase of the initial construction, that the construction was therefore not substantially completed and, hence, their CPLR article 78 proceeding was not moot. Supreme Court denied petitioners' motion, and these appeals ensued.

It is undisputed that at the time Supreme Court granted the motion to intervene and dismissed the petition, the construction that had been authorized by the special permit was either completed or substantially completed. It is axiomatic that, under such circumstances, the controversy was rendered moot and Supreme Court quite properly dismissed the petition (*see, e.g., Matter of Fallati v Town of Colonie*, 222 AD2d 811, 813). Moreover, we reject petitioners' assertion that Supreme Court abused its discretion in denying the motion to renew. The information contained in the application to modify the special permit was not before the ZBA when it was considering the initial application for a special permit, and it is clear that "[j]udicial review of an administrative action is limited to the record made before the agency" (*Matter of Montalbano v Silva*, 204 AD2d 457, 458).

Were we to consider the merits of this appeal, we would nev-

ertheless affirm. Contrary to petitioners' assertion, the record reveals that the ZBA "identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for its determination" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417). Furthermore, the ZBA's determination was clearly rational and not arbitrary or capricious (*see, Matter of Citizens Accord v Town Bd.*, 192 AD2d 985, 987, *lv denied* 82 NY2d 656). Its determination should therefore be upheld.

The ZBA held a series of public hearings concerning the issuance of the special permit where members of the public were permitted to question the applicants' representatives. The record makes clear that the ZBA reviewed each section of the applicants' environmental assessment form and considered the impact of the proposed speedway changes upon land, water, transportation, community growth and character and, in particular, the impact of the changes upon noise levels and traffic. The ZBA then made written findings that contained a reasoned elaboration of the basis for its determination. Nothing in the record suggests that the proposed changes would result in an increase in noise levels. Indeed, all of the complaints concerning noise related to the then existing noise levels emanating from the track.

Moreover, "[w]here an applicant has met the specific requirements for a special permit [which is the case herein] * * * [the] permit may not be limited by conditions imposed without reference to the provisions of the zoning regulations" (2 Anderson, New York Zoning Law and Practice § 24.15, at 294 [3d ed]). In that regard, it is of significant note that there was no noise ordinance in the Town at the time the ZBA considered and approved the application. With regard to any suggested adverse impact upon traffic, the ZBA had before it a traffic evaluation which asserted that "the operational characteristics of [Route] 20 will not be significantly impacted as a result of the Project". Additionally, the ZBA sought the input of the State Police, whose Zone Commander asserted in a written communique that he did not anticipate a significant increase in traffic volume as a result of the proposed changes. We have considered petitioners' remaining contentions and find them to be without merit.

Mikoll, J. P., White, Casey and Peters, JJ., concur. Ordered that the judgment and order are affirmed, without costs.