■ In the Matter of R.J. VALENTE GRAVEL, INC., Appellant, v TOWN OF KINDERHOOK et al., Respondents. [673 NYS2d 265] —Peters, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered March 21, 1997 in Albany County, which, *inter alia*, dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and plenary action, to review a determination of respondent Town of Kinderhook Planning Board denying petitioner's application for a special use permit.

Respondent Town of Kinderhook Planning Board, acting as "lead agency" pursuant to the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA), denied petitioner's application for a special use permit (*see*, Town Law § 274-b [2]), required pursuant to the Town of Kinderhook Zoning Ordinance (art III, § 81-27 [D] [9]), to operate a sand and gravel mine on State Route 203, approximately three miles south of the Village of Valatie, Columbia County.

After extensive testimony, the Planning Board found that substantial traffic congestion and safety hazards would be created by trucks traveling along Route 203 to US Route 9 and at the mine's points of ingress and egress, with no feasible alternatives presented. Moreover, since the trucks necessary to the operation of such a mine would have to use a two-lane highway on Main Street in the Village, where there is significant on-street parking, double-parked cars and delivery vehicles, it determined that further safety problems would be created without sufficient plans for mitigation. Finally, due to the heavy volume of pedestrian and vehicular traffic existing at the school campus by which the truck route would have to pass, it concluded that a serious safety issue would be created.

Petitioner thereafter commenced a combined CPLR article 78 proceeding and action for money damages by serving a summons, an amended notice of petition and an amended verified petition and complaint. Through the CPLR article 78 proceeding, petitioner sought to annul the Planning Board's determination; the action for money damages sought reimbursement for engineering fees allegedly overcharged by the Town for SEQRA review of its application.

Petitioner moved for summary judgment on the cause of ac-

tion seeking reimbursement, prompting respondents' cross motion to dismiss. Although Supreme Court granted respondents' cross motion by finding that the request for monetary damages was not incidental to the primary relief sought in the CPLR article 78 proceeding, it dismissed the challenge to the Planning Board's determination. Petitioner appeals both determinations.

Upon our review, we find substantial evidence supporting the determination rendered (see, Matter of Orange & Rockland Utils. v Town Bd., 214 AD2d 573). The record reveals that the Planning Board undertook extensive review of this application, " 'identified the relevant areas of environmental concern, took a "hard look" at them, and made a "reasoned elaboration" of the basis for its determination' " (Matter of Concerned Residents of New Lebanon v Zoning Bd. of Appeals, 226 AD2d 997, 999, quoting Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417; see, Matter of Market Sq. Props. v Town of Guilderland Zoning Bd. of Appeals, 109 AD2d 164, affd 66 NY2d 893). Such basis is in accord with the preamble to the Town's Zoning Ordinance which states, inter alia, as its purpose, the promotion of public safety, convenience, economy and general welfare of the community and "[t]o improve transportation facilities and traffic circulation". In so finding these predominant safety and traffic concerns, the Planning Board consulted not only with its own engineer but also petitioner's engineer, who continuously referred to his traffic analysis and openly admitted to the problems which led to the denial of the application. The promise to correct or mitigate them later, if so directed by the State Department of Transportation, was reasonably found to be inadequate in light of the impact on the community.

Contrary to petitioner's contention, we find the Planning Board to have fully considered all alternate routes proposed. Having fully reviewed the requisite environmental impact statements prepared by petitioner and having allowed for extensive public comment, workshop discussion and public discussion periods with its own engineer present, we reject any contention that the denial was based solely on generalized community objections. In finding no basis to disturb the determination rendered and rejecting petitioner's contention that the Planning Board violated Highway Law § 52 and/or Vehicle and Traffic Law § 1604, we affirm.

However, since joinder of this claim was proper pursuant to CPLR 601 (a) (see, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C601:1, at 164;

CPLR C407:1, at 657; Legislative Studies and Reports, at 658), Supreme Court erred when it dismissed petitioner's claim seeking reimbursement for an alleged overcharge of engineering fees (see, ECL 8-0109 [7] [a]; 6 NYCRR 617.13 [a]) upon its conclusion that the relief here sought was not incidental to that requested in the CPLR article 78 proceeding. The record reveals a demand for, and ultimate payment by petitioner of, $7,000 for "SEQRA review" in connection with its submission of its application to the Town for a special use permit. Since the maximum amount permitted for SEQRA review is dictated by statute as "calculated on the cost of site preparation" (6 NYCRR 617.13 [d]), we find petitioner to have sustained its initial burden of demonstrating an overcharge in the amount of $6,723.84 in violation of ECL 8-0109 (7) (a) and 6 NYCRR 617.13 (a).

In seeking to preclude an award of summary judgment on this issue, respondents contend, through the Town Attorney, that petitioner voluntarily agreed to pay such amount to further determine whether petitioner's application complied with all applicable zoning regulations. Buttressed by the affidavit of the Town Engineer, emphasizing that no limitation exists for engineering review in connection with determinations as to compliance with local law, he explained that he "inadvertently stated in his letter advising of such fees that they were for SEQRA review only". Since neither the local zoning ordinance nor established Town policy could be demonstrated to require that an applicant pay not only those amounts authorized in connection with SEQRA review but also the full cost associated with engineering review conducted in connection with an application before the Town, the contentions lack merit. Moreover, copies of the Town Engineer's invoices specified that the bills were for "[p]rofessional services rendered * * * in conjunction with SEQRA review—mining application R.J. Valenti [sic] Gravel Inc. * * *". Hence, we find that petitioner has demonstrated its entitlement to partial summary judgment on this issue.

Accordingly, we modify Supreme Court's judgment by granting petitioner summary judgment on its seventh cause of action.

Mercure, J. P., White, Spain and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as denied petitioner's motion for summary judgment on its seventh cause of action and granted respondents' cross motion dismissing said cause of action; motion granted and cross motion denied regarding the

seventh cause of action and petitioner is awarded $6,723.84 as overcharges; and, as so modified, affirmed.