■ In the Matter of DAVID A. WEIR, JR., et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF WESTPORT et al., Respondents. [693 NYS2d 713] —Carpinello, J. Appeal from a judgment of the Supreme Court (Viscardi, J.), entered August 10, 1998 in Essex County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Zoning Board of Appeals of the Town of Westport granting an area variance to respondents Peter E. Gibbs, Louis A. Gibbs, Jr., Carol D. Gibbs and Elizabeth Gibbs Frederickson.

Respondents Peter E. Gibbs, Louis A. Gibbs, Jr., Carol D. Gibbs and Elizabeth Gibbs Frederickson seek to construct a garage on their pie-shaped acre of property which abuts Lake Champlain in the Town of Westport, Essex County. The lot is predominantly 50 feet wide; at its most easterly point it is 160 feet wide and at its most westerly point it is 20 feet wide. To this end, they applied for an area variance from respondent Zoning Board of Appeals of the Town of Westport after their request for a building permit was denied because the proposed structure did not comply with the 30-foot minimum setback requirement under the Town of Westport Land Use Law (the proposed site for the 30 by 38 foot structure is within that portion of the lot where it is 50 feet wide). Following a hearing at which respondents presented evidence concerning the proposed project, including a map and videotape of the affected area and blueprints of the proposed structure, an area variance was granted by the Zoning Board subject to the condition that its exterior architecturally mirror a closely-situated historic structure known as the Carriage House.

Petitioners, who own the Carriage House and approximately 21 acres of property which surround the Gibbs' one-acre lot and who attended the hearing and presented their own evidence as to why the application should be denied, commenced this CPLR article 78 proceeding to annul the Zoning Board's determination. They allege that the Zoning Board failed to consider the statutory factors outlined under Town Law § 267-b (3) and Westport Land Use Law § 6.035 in granting the area variance. The petition was dismissed by Supreme Court, prompting this appeal.

In making its determination on the area variance application, the Zoning Board was required to apply the factors outlined under Town Law § 267-b (3) (b) (*see,* Westport Land Use Law § 6.035 [b]). Upon our review of the record, we are satisfied that the Zoning Board fulfilled its "obligation of detailing the facts applicable to the case, applying those facts to the several statutory criteria and reaching an overall determination as to whether an area variance should be granted on the basis of its balancing of the benefit to the landowner[s] against any detriment to the health, safety and welfare of the neighborhood or community" (*Matter of Filangeri v Foster,* 257 AD2d 895, 897; *see, Matter of Sasso v Osgood,* 86 NY2d 374, 385-386). In fact, the Zoning Board's detailed and well-reasoned determination, which contains 42 findings of fact and meticulously applies each statutory factor to these facts, is a model for all zoning boards. In short, because "the record contains sufficient evidence to support the rationality of the [Zoning] Board's determination" (*Matter of Sasso v Osgood, supra,* at 384, n 2), Supreme Court properly dismissed the petition.

Mikoll, J. P., Mercure, Peters and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.