■ In the Matter of BRIAN LYNCH, Respondent, v FRANK TROTTA et al., Respondents. J. ELLEN STEIN, Intervenor-Appellant. [694 NYS2d 451] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Zoning Appeals of the Town of Brookhaven dated October 31, 1996, which denied the petitioner's application for certain area variances, the intervenor, J. Ellen Stein, appeals from (1) an order of the Supreme Court, Suffolk County (Berler, J.), dated March 30, 1998, which vacated a prior order of the same court, dated December 16, 1997, remitting the matter to the respondent Board of Zoning Appeals of the Town of Brookhaven for a rehearing of its determination dated July 23, 1997, granting the variances, and (2) a judgment of the same court, dated October 21, 1998, which, upon the motion of the intervenor, granted the petition, and annulled the October 31, 1996, determination of the respondent Board of Zoning Appeals of the Town of Brookhaven denying the variances.

Ordered that the appeal from the order is dismissed as no appeal as of right lies from an intermediate order in a proceeding pursuant to CPLR article 78 and we decline to grant leave to appeal; and it is further,

Ordered that the judgment is modified by adding a provision thereto confirming the determination of the respondent Board of Zoning Appeals of the Town of Brookhaven dated July 23, 1997, granting the petitioner's application for area variances; as so modified the judgment is affirmed; and it is further,

Ordered that the respondents-respondents and petitioner-respondent are awarded one bill of costs.

On October 31, 1996, the Board of Zoning Appeals of the Town of Brookhaven (hereinafter the BZA) denied the petitioner's applications for area variances for certain property. Thereafter the petitioner commenced the instant proceeding pursu-

ant to CPLR article 78 to review the determination of the BZA. In June 1997, the Supreme Court granted the petition to the extent that it remitted the matter to the BZA for new findings which complied with Town Law § 267-b. On July 23, 1997, the BZA issued the amended findings, in effect, reversing its determination dated October 31, 1996, and granting the area variances. Upon reviewing the determination dated July 23, 1997, the court *sua sponte* issued an order dated December 16, 1997, remitting "this matter back to [the BZA] for a hearing on all of the facts and [to] make a determination based on the facts before [it]". On March 30, 1998, "after conferring with the attorneys for the respective parties" the court held that the determination of the BZA dated July 23, 1997, which granted the area variances "had a rational basis and was supported by substantial evidence" and accordingly since there was "no rational basis to overturn such determination" the court vacated its order dated December 16, 1997, directing a rehearing. The intervenor appealed as of right from the order dated March 30, 1998. Subsequently, on motion of the intervenor, the Supreme Court signed a judgment dated October 21, 1998, which granted the petition and annulled the original determination of the BZA dated October 31, 1996.

The determination of the BZA dated July 23, 1997, which granted the petitioner's application for area variances was made after properly weighing the criteria set forth in Town Law § 267-b, and was based on substantial evidence in the record (*see, Matter of Fuhst v Foley,* 45 NY2d 441; *Matter of Dueger v Zoning Bd. of Appeals,* 96 AD2d 905, *affd* 61 NY2d 743).

The appellant's remaining contention is without merit. Friedmann, J. P., Krausman, McGinity and Feuerstein, JJ., concur.