■ In the Matter of KAM HAMPTON I REALTY CORP. et al., Appellants, v BOARD OF ZONING APPEALS OF THE VILLAGE OF EAST HAMPTON et al., Respondents. [710 NYS2d 915] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Zoning Appeals of the Village of East Hampton, dated November 8, 1996, which, after a hearing, granted the application of the respondent Travertine Corporation for a Freshwater Wetlands Permit, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Underwood, J.), dated March 16, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The petitioners' motion before the Supreme Court to strike certain affidavits submitted on behalf of the respondent Board of Zoning Appeals of the Village of East Hampton was properly denied. Judicial review of an administrative determination is limited to the record before the agency, and proof outside the administrative record should not be considered (*see, Matter of Van Antwerp v Board of Educ.*, 247 AD2d 676, 678; *Matter of Fanelli v New York City Conciliation & Appeals Bd.*, 90 AD2d 756, *affd* 58 NY2d 952). Here, the subject affidavits contained no new factual assertions. Moreover, one of the affidavits merely informed the Supreme Court that, based on revisions made by the respondent Travertine Corporation in its plans, several of the claims made by the petitioners had been rendered academic. It was proper to inform the court that subsequent events had rendered academic some of the claims contained in a petition before it.

The facts established before the Zoning Board of Appeals and contained in the record were sufficient to sustain the challenged determination (*see, Matter of Levine v New York State Liq. Auth.*, 23 NY2d 863).

The petitioners' remaining contentions are without merit. Bracken, J. P., Ritter, Krausman and Smith, JJ., concur.