■ In the Matter of SCOTT S. MILLER et al., Respondents, v ZONING BOARD OF APPEALS OF THE TOWN OF EAST HAMPTON, Appellant. [714 NYS2d 908] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of East Hampton dated March 23, 1999, which, after a hearing, denied the petitioners' application for two area variances, the appeal is from a judgment of the Supreme Court, Suffolk County (Costello, J.), dated November 4, 1999, which annulled the determination and directed the Zoning Board of Appeals of the Town of East Hampton to issue the variances.

Ordered that the judgment is modified, on the law, by deleting the second decretal paragraph thereof directing the issuance of the requested variances; as so modified, the judgment is affirmed, without costs and disbursements, and the matter is remitted to the Zoning Board of Appeals of the Town of East Hampton for further proceedings in accordance herewith.

It is well settled that local zoning boards have broad discretion in considering variance applications and that judicial review is limited to ascertaining whether the action taken by the board is illegal, arbitrary, or an abuse of discretion (*see, Matter of Fuhst v Foley,* 45 NY2d 441, 444-445; *Matter of Perla v Heller,* 251 AD2d 419; *Matter of Rosof v Bailin,* 237 AD2d 612). A zoning board's determination "must be sustained if it has a rational basis and is supported by substantial evidence" (*Matter of Toys "R" Us v Silva,* 89 NY2d 411, 419).

In this case, however, the determination of the Zoning Board of Appeals of the Town of East Hampton (hereinafter the ZBA) does not reflect that it considered the five statutory factors set forth in Town Law § 267-b (3) (b). Accordingly, the matter is remitted to the ZBA for a new determination on the petitioners' applications (*see, Matter of Sasso v Osgood,* 86 NY2d 374, 384; *Matter of Lynch v Trotta,* 264 AD2d 484). Ritter, J. P., H. Miller, Feuerstein and Smith, JJ., concur.