Mercure, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.

■ In the Matter of CITIZENS AGAINST ILLEGAL ZONING et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF ROCHESTER et al., Respondents. [714 NYS2d 145] —Graffeo, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered July 6, 1999 in Ulster County, which, *inter alia,* dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Zon-

ing Board of Appeals of the Town of Rochester granting respondent Richard Smith a building permit to erect a garage on his property.

Respondent Richard Smith applied for a building permit to construct a 50-foot by 29-foot garage on his residential property located in the Town of Rochester, Ulster County. Smith, who is the owner of two adjoining lots totaling 3.43 acres in an R-1 zoning district, resided in a home on one of the parcels and intended to replace an existing detached garage with the proposed structure for the housing of two trucks used in his occupation as a truck driver and as proprietor of Richard Smith Trucking. As the proposed dimensions and siting of the planned garage were in compliance with all size and setback requirements in the building code, Smith was issued a building permit and he began construction.

Petitioner Citizens Against Illegal Zoning, an unincorporated association comprised of 33 taxpayers residing in the Town, sought an injunction to halt construction and challenged the issuance of the building permit, asserting that the structure was illegal because it would be used for commercial purposes by Smith. After a public hearing, respondent Zoning Board of Appeals of the Town of Rochester (hereinafter the ZBA) determined that the building permit was valid since the garage complied with building and fire code requirements and Citizens had failed to establish illegal commercial use of the residential property. Petitioners appeal from Supreme Court's dismissal of their CPLR article 78 proceeding contesting the determination.

A decision of a zoning board of appeals may be disturbed only if it is arbitrary and capricious, irrational or wholly unsupported by the record (*see, Matter of Weir v Zoning Bd. of Appeals,* 263 AD2d 752; *Matter of Dyno v Village of Johnson City,* 261 AD2d 783, *appeal dismissed* 93 NY2d 1033, *lv denied* 94 NY2d 818; *Matter of Supkis v Town of Sand Lake Zoning Bd. of Appeals,* 227 AD2d 779). Here, petitioners' objection to the issuance of the permit was based on their claim that the garage would facilitate commercial activities on the property. However, the ZBA credited Smith's testimony that he did not operate his business from his residence, but leased office space at another location, and intended only to park the trucks in the garage after using them to travel to and from various work sites. Although Smith acknowledged that he would use the garage to wash the vehicles and for ordinary maintenance and repairs, he asserted that he would not conduct a repair service or other commercial enterprise at his residence. Moreover, evidence was presented that the Town code did not prohibit Smith

from parking the trucks at his residence, and allowed for storage of such vehicles on residential property provided that they are kept in the back yard at a sufficient distance from neighboring lots. One citizen expressed the view at the public hearing that the garage would be beneficial to the neighborhood as it would keep the trucks out of sight rather than in Smith's driveway.

Notably, there was also testimony at the public hearing indicating the presence of other structures on nearby properties of a similar size and nature as the garage at issue, that it was customary to park large vehicles on residential premises in the neighborhood, and that the Town had issued other building permits for garages or storage buildings in residential districts. In light of this evidence, as well as evidence that the structure complied with the applicable size and setback requirements and it would not be used for improper commercial purposes, we cannot say that the ZBA's determination upholding issuance of the building permit was irrational, arbitrary or unsupported by the record before it (*see, Matter of Weir v Zoning Bd. of Appeals, supra; Matter of Dyno v Village of Johnson City, supra*). Therefore, we affirm the judgment dismissing the petition.

On the basis that " '[j]udicial review of an administrative action is limited to the record made before the agency' " (*Matter of Concerned Residents v Zoning Bd. of Appeals*, 226 AD2d 997, 998, quoting *Matter of Montalbano v Silva*, 204 AD2d 457, 458), we decline to address the contentions of petitioners which refer to documents and other evidence that were not presented to the ZBA. Petitioners' remaining arguments have been considered and are found to be lacking in merit.

Cardona, P. J., Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.