■ In the Matter of THOMAS HANNETT et al., Appellants, v RICHARD L. SCHEYER et al., Respondents. [830 NYS2d 292]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Islip dated July 20, 2004, which, after a hearing, denied the petitioners' application for certain area variances, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Costello, J.), entered July 15, 2005, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted to the extent that the determination is annulled, and the matter is remitted to the Board of Zoning Appeals of the Town of Islip for a new determination of the petitioners' application for area variances.

The petitioners own improved property in the Town of Islip. The lot is substandard under the Town's zoning ordinance and the original one-story dwelling violated the ordinance's front yard and side yard setback requirements. Without obtaining a building permit, the petitioners raised the roof of their house and converted an attic into second-floor living space. The construction added more than 400 square feet of floor area to the house. After the Town issued a stop-work order, the petitioners applied to the Board of Zoning Appeals of the Town of Islip

(hereinafter the BZA) for front yard, side yard, and floor area ratio (hereinafter FAR) variances. Following a hearing, the BZA issued a written determination denying the petitioners' application.

The petitioners contend that they were not required to obtain front yard and side yard setback variances because the new construction did not alter the footprint of the building. Although we agree that the original dwelling was not required to conform with the setback requirements of the current zoning ordinance (*see People v Miller*, 304 NY 105, 107 [1952]), this protection did not extend to the newly constructed second story (*see Matter of Frisenda v Zoning Bd. of Appeals of Town of Islip*, 215 AD2d 479, 480 [1995]; *Matter of Rembar v Board of Appeals of Vil. of E. Hampton*, 148 AD2d 619, 620 [1989]; Code of the Town of Islip § 68-17 [F]). Additionally, the petitioners' expansion was not eligible for a statutory exception to the area variance requirement because the unauthorized construction voided the building's certificate of compliance, and the new second story did not comply with current setback requirements and triggered the requirement for a FAR variance (*see* Code of the Town of Islip § 68-17 [G] [1], [2], [4]).

Local zoning boards have broad discretion in considering applications for area variances, and courts may set aside a zoning board determination only where the board acted illegally or arbitrarily, or abused its discretion (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]). A determination of a zoning board should be sustained if it has a rational basis and is not arbitrary and capricious (*see Matter of Pasceri v Gabriele*, 29 AD3d 805, 805 [2006]).

In determining whether to grant an area variance, a zoning board of appeals must weigh the benefit of the grant to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (*see* Town Law § 267-b [3] [b]; *see also Matter of Pecoraro v Board of Appeals of Town of Hempstead, supra* at 612). The zoning board must consider whether (1) granting the area variance will produce an undesirable change in the character of the neighborhood or a detriment to nearby properties, (2) the benefit sought by the applicant can be achieved by some method, feasible to the applicant, other than a variance, (3) the requested area variance is substantial, (4) granting the proposed variance would have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district, and (5) the alleged difficulty is self-created (*see* Town Law § 267-b [3] [b]; *Matter of Pecoraro v Board of Appeals of Town of Hempstead, supra* at 612-613).

Here, the determination of the BZA does not reflect that it weighed the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood if the variances are granted by considering the five statutory factors set forth in Town Law § 267-b (3) (b). Accordingly, we annul the determination and remit the matter to the BZA for a new determination of the petitioners' application for area variances (*see Matter of Josato, Inc. v Wright*, 288 AD2d 384, 385 [2001]; *Matter of Miller v Zoning Bd. of Appeals of Town of E. Hampton*, 276 AD2d 633, 634 [2000]). Schmidt, J.P., Crane, Fisher and Dickerson, JJ., concur.