In the Matter of RUSSIA HOUSE AT KINGS POINT, INC., et al., Appellants, v ZONING BOARD OF APPEALS OF VILLAGE OF KINGS POINT, Respondent. [835 NYS2d 450]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent, Zoning Board of Appeals of the Village of Kings Point, dated March 17, 2005, which, after a hearing, denied the petitioner's applications for certain area variances, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Feinman, J.), entered December 6, 2005, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted to the extent that the determination is annulled, the petition is otherwise denied, and the matter is remitted to the Board of Zoning Appeals of the Village of Kings Point for a new determination of the petitioners' applications for area variances in accordance herewith.

Local zoning boards have broad discretion in considering applications for area variances and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d

608, 613 [2004]; *Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]). Therefore, the determination of a zoning board should be sustained if it has a rational basis and is not illegal or an abuse of discretion (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead, supra; Matter of Sasso v Osgood*, 86 NY2d 374 [1995]).

In determining whether to grant an area variance, a zoning board is required by Village Law § 7-712-b (3) to engage in a balancing test "weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted" (*Matter of Ifrah v Utschig, supra* at 307; *see Matter of Sasso v Osgood, supra*). The zoning board is required to consider whether: (1) an undesirable change will be produced in the character of the neighborhood, or a detriment to nearby properties will be created, by the granting of the area variance, (2) the benefit sought by the applicant can be achieved by some method, other than an area variance, feasible for the applicant to pursue, (3) the required area variance is substantial, (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district, and (5) the need for the variance was self-created (*see* Village Law § 7-712-b [3]; *Matter of Cohen v Board of Appeals of Vil. of Saddle Rock*, 100 NY2d 395, 401 [2003]; *Matter of Berk v McMahon*, 29 AD3d 902, 902-903 [2006]).

The Zoning Board of Appeals of the Village of Kings Point (hereinafter the Zoning Board), failed to adequately consider whether the requested variances would, in fact, have an adverse impact on the neighborhood and the character of the community. Accordingly, we annul the determination and remit the matter to the Zoning Board for a new determination of the petitioners' applications for area variances based on the existing record (*cf. Matter of Hannett v Scheyer*, 37 AD3d 603 [2007]). Schmidt, J.P., Santucci, Florio and Balkin, JJ., concur.