■ In the Matter of IVAN KAUFMAN et al., Respondents, v INCORPORATED VILLAGE OF KINGS POINT et al., Appellants. [860 NYS2d 573]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning and Appeals of the Village of Kings Point dated March 17, 2005, which, after a hearing, granted the application of Kouros Torkan and Karen Torkan for street frontage and lot width variances, the Incorporated Village of Kings Point, the Board of Zoning and Appeals of the Village of Kings Point, and Richard Schilt, in his capacity as the building inspector for the Village of Kings Point, appeal, by permission, and Kouros Torkan and Karen Torkan separately appeal, by permission, from a judgment of the Supreme Court, Nassau County (Winslow, J.), dated February 7, 2006, which granted the petition to the extent of annulling the determination and remitting the matter to the Board of Zoning and Appeals of the Village of Kings Point to determine whether: (1) the Village Code contemplates exclusion of areas adjacent to tidal wetlands from the computation of net lot area; (2) based upon a calculation of the net lot area with appropriate exclusions, a variance from Village Code § 161-11(A) is required; and (3) in light of the foregoing determinations, the application for street frontage and lot width variances should be granted.

Ordered that the order is modified, on the law, by deleting the provision thereof remitting the matter to the Board of Zoning and Appeals of the Village of Kings Point to determine whether: (1) the Village Code contemplates exclusion of areas adjacent to tidal wetlands from the computation of net lot area; (2) based upon a calculation of the net lot area with appropriate exclusions, a variance from Village Code § 161-11(A) is required; and (3) in light of the foregoing determinations, the application for street frontage and lot width variances should be granted, and substituting therefor a provision remitting the matter to the Board of Zoning and Appeals of the Village of Kings Point for a new hearing and determination on the application of Kouros Torkan and Karen Torkan for street frontage and lot width variances; as so modified, the order is affirmed, with one bill of costs payable to the petitioners.

Kouros Torkan and Karen Torkan (hereinafter together the Torkans), are the owners of two contiguous lots located along the shore of the Long Island Sound. In January 2005, Kouros

Torkan, on behalf of himself and Karen Torkan, applied for a building permit from the Village of Kings Point to demolish their existing home and construct a new one. As part of their application, the Torkans commissioned a topographical and boundary survey, which revealed that their property had a combined net area of 49,960 square feet, 27.53 feet of street frontage, and was 20 feet wide for the first 117.67 feet of the property. The building inspector, Richard Schilt, denied the application, finding that the proposed construction would violate sections 161-11 (B) and (C) of the Code of the Village of Kings Point (hereinafter the Code), which required, respectively, that for interior lots, there be 150 feet of frontage on one street, and that the lot width be 150 feet for the first 200 feet of lot depth.

The Torkans appealed to the Board of Zoning and Appeals of the Village of Kings Point (hereinafter the BZA) for variances from those provisions of the Code. At the public hearing before the BZA, the petitioners appeared and opposed the Torkans' application, arguing that the BZA lacked jurisdiction to render a determination and that the Torkans should be required to submit a building plan as part of their application. The Village Attorney supported the Torkans' application, asserting that similar applications had been granted in the past. Following the hearing, the BZA issued findings of fact, inter alia, that the property's net area was approximately 49,960 square feet, with limited frontage and lot width. However, since similar applications customarily had been granted in the past based upon the Village's philosophy that it was in its own best interest to allow property owners to replace existing single family dwellings on legal preexisting nonconforming lots because it helped ensure the marketability of the property within the Village and an ample tax base, the BZA granted the Torkans' request for variances from Code § 161-11 (B) and (C).

The petitioners then commenced this CPLR article 78 proceeding. For the first time, the petitioners argued that the Torkans' property was less than 40,000 net square feet and thus in violation of Code § 161-11(A). Specifically, the petitioners contended that the surveyor, in making his computation of the property's net area, had failed to exclude "tidal wetlands" and those areas adjacent to them as required by Code § 161-3 (D) and New York State Department of Environmental Conservation regulations (see 6 NYCRR 661.3, 661.4), and in support, submitted their own surveys. Additionally, the petitioners contended that in making its determination, the BZA had violated Public Officers Law § 103 (a), failed to apply the statutory factors of Village Law § 7-712-b (3) (b), and should have

required the Torkans to submit a building plan as part of their application for area variances. The Supreme Court granted the petition to the extent of annulling the determination and remitting the matter to the BZA on the ground that, in "adopt[ing], without scrutiny" the Torkans' survey finding that their property exceeded 40,000 net square feet, the BZA acted irrationally.

Preliminarily, the Village contends that the petitioners were barred from raising the issue of the property's net area in a CPLR article 78 proceeding because they did not appeal to the BZA from the building inspector's denial of the Torkans' application for a building permit. However, the petitioners could not appeal from that determination because they were not aggrieved by it (see Village Law § 7-712-a [4]; *Matter of Mack v Board of Appeals, Town of Homer*, 25 AD3d 977, 978-979 [2006]; *Matter of Klingaman v Miller*, 168 AD2d 856, 858 [1990]).

Nevertheless, the Supreme Court erred in considering the issue of the property's net area. A litigant is required to address his or her "complaints initially to administrative tribunals, rather than to the courts, and . . . to exhaust all possibilities of obtaining relief through administrative channels before appealing to the courts" (see *Young Men's Christian Assn. v Rochester Pure Waters Dist.*, 37 NY2d 371, 375 [1975]). Thus, in a CPLR article 78 proceeding, the Court's review is limited to the arguments and record adduced before the agency (see *Matter of Torres v New York City Hous. Auth.*, 40 AD3d 328, 330 [2007]; *Matter of Citizens Against Illegal Zoning v Zoning Bd. of Appeals of Town of Rochester*, 276 AD2d 897, 899 [2000]; *Matter of Kam Hampton I Realty Corp. v Board of Zoning Appeals of Vil. of E. Hampton*, 273 AD2d 387, 388 [2000]; *Matter of Montalbano v Silva*, 204 AD2d 457, 458 [1994]). Here, whether the property's net area was properly computed was not raised until the petitioners commenced this CPLR article 78 proceeding. As a result, the Supreme Court should not have considered this issue (see *Matter of Torres v New York City Hous. Auth.*, 40 AD3d at 330; *Matter of O'Donnell v Town of Schoharie*, 291 AD2d 739, 742 [2002]; *Matter of Tilles v Williams*, 119 AD2d 233, 241 [1986]), nor the surveys submitted by the petitioners (see *Matter of Citizens Against Illegal Zoning v Zoning Bd. of Appeals of Town of Rochester*, 276 AD2d at 899; *Matter of Montalbano v Silva*, 204 AD2d at 458), in annulling the BZA's determination. Contrary to the petitioners' contention, this issue was one neither of law nor apparent from the face of the record.

Nonetheless, the BZA's determination was properly annulled. Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to

determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (*see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Filipowski v Zoning Bd. of Appeals of Vil. of Greenwood Lake*, 38 AD3d 545, 546 [2007]; *Matter of Mann v Zoning Bd. of Appeals of Town of E. Hampton*, 34 AD3d 588 [2006]; *Matter of DiPaci v Zoning Bd. of Appeals Vil. of Upper Nyack*, 4 AD3d 354 [2004]). Thus, the determination of a zoning board should be sustained upon judicial review if it has a rational basis and is not arbitrary and capricious (*see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Filipowski v Zoning Bd. of Appeals of Vil. of Greenwood Lake*, 38 AD3d at 546; *Matter of Pietrzak & Pfau Assoc., LLC v Zoning Bd. of Appeals of Town of Wallkill*, 34 AD3d 818, 818-819 [2006]; *Matter of Pasceri v Gabriele*, 29 AD3d 805 [2006]).

In determining whether to grant an area variance, a zoning board of appeals is required by Village Law § 7-712-b (3) (b) to engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (*see Matter of Ifrah v Utschig*, 98 NY2d at 307; *Matter of Sasso v Osgood*, 86 NY2d at 384; *Matter of Russia House at Kings Point, Inc. v Zoning Bd. of Appeals of Vil. of Kings Point*, 40 AD3d 767, 768 [2007]; *Matter of Filipowski v Zoning Bd. of Appeals of Vil. of Greenwood Lake*, 38 AD3d at 546). The zoning board also is required to consider whether (1) an undesirable change will be produced in the character of the neighborhood, or a detriment to nearby properties will be created by the granting of the area variance, (2) the benefit sought by the applicant can be achieved by some other method, other than an area variance, feasible for the applicant to pursue, (3) the required area variance is substantial, (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district, and (5) the alleged difficulty was self-created (*see* Village Law § 7-712-b [3] [b]; *Matter of Ifrah v Utschig*, 98 NY2d at 307-308; *Matter of Russia House at Kings Point, Inc. v Zoning Bd. of Appeals of Vil. of Kings Point*, 40 AD3d at 768; *Matter of Filipowski v Zoning Bd. of Appeals of Vil. of Greenwood Lake*, 38 AD3d at 546; *Matter of Hutchinson v Zoning Bd. of Appeals of Inc. Vil. of Cove Neck*, 302 AD2d 526, 527 [2003]).

Here, since the record does not reflect that the BZA considered each of the five factors enumerated in the statute, based upon the evidence before it, its determination was properly annulled (*see Matter of Hannett v Scheyer*, 37 AD3d 603, 605 [2007]; *Matter of Margaritis v Zoning Bd. of Appeals of Inc. Vil. of Flower*

*Hill,* 32 AD3d 855, 856-857 [2006]; *Matter of Necker Pottick, Fox Run Woods Bldrs. Corp. v Duncan,* 251 AD2d 333, 335 [1998]; *cf. Matter of Hutchinson v Zoning Bd. of Appeals of Inc. Vil. of Cove Neck,* 302 AD2d at 527; *Matter of Weir v Zoning Bd. of Appeals of Town of Westport,* 263 AD2d 752, 753 [1999]). While the Village and the Torkans contend that prior precedent compelled the BZA to grant the area variances (*see Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington,* 97 NY2d 86, 93 [2001]; *Matter of Aliperti v Trotta,* 35 AD3d 854 [2006]), such prior precedent does not obviate the BZA's obligation to apply the statutory factors of Village Law § 7-712-b (3) (b). Moreover, at the hearing, other than a conclusory statement from the Village Attorney, it was never established that applications for area variances involving similar factual circumstances had been granted in the past (*see Matter of Conversions for Real Estate, LLC v Zoning Bd. of Appeals of Inc. Vil. of Roslyn,* 31 AD3d 635, 636 [2006]). Accordingly, we remit the matter to the BZA for a new hearing and determination of the Torkans' application for street frontage and lot width variances.

The petitioners' alternative arguments for affirmance of so much of the judgment as annulled the determination, that the Torkans were required to submit a building plan as part of their application for area variances and that the BZA violated Public Officers Law § 103 (a), are without merit. Skelos, J.P., Lifson, Dillon and Balkin, JJ., concur.