# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**208**

**CA 10-01726**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF ROGER NYE AND SHIRLEY NYE,
PETITIONERS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

ZONING BOARD OF APPEALS OF THE TOWN OF GRAND
ISLAND, RESPONDENT-APPELLANT.

---

HODGSON RUSS LLP, BUFFALO (PAUL PERLMAN OF COUNSEL), FOR
RESPONDENT-APPELLANT.

BROWN & KELLY LLP, BUFFALO (RYAN J. MILLS OF COUNSEL), FOR
PETITIONERS-RESPONDENTS.

---

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (John A. Michalek, J.), entered March 16, 2010 in a proceeding pursuant to CPLR article 78. The judgment granted the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the second decretal paragraph and as modified the judgment is affirmed without costs, and the matter is remitted to respondent for further proceedings in accordance with the following Memorandum: Respondent granted the request of petitioners for an area variance to construct a roof over a deck on the side of their house, but in addition to constructing the roof as approved, petitioners used additional material such that the deck was enclosed, at least temporarily, on three sides. After respondent's Code Enforcement Officer indicated that the construction exceeded that approved by respondent, petitioners' request for a second variance for the additional construction was denied. Respondent appeals from a judgment that granted the CPLR article 78 petition seeking, inter alia, to annul the determination denying petitioners' application for the second variance and ordered respondent to grant the second variance.

In determining whether to grant the second area variance, respondent was required to consider the five factors set forth in Town Law § 267-b (3) (b) (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 612-613; *Matter of Ifrah v Utschig*, 98 NY2d 304, 307-308). Respondent's determination must be annulled if, inter alia, the record "does not reflect that [respondent] weighed the benefit to the applicant[s] against the detriment to the health, safety, and welfare of the neighborhood" in the event that the

variance was granted (*Matter of Hannett v Scheyer*, 37 AD3d 603, 605). Here, we conclude on the record before us that respondent did not engage in that balancing test upon considering those five statutory factors (*see Matter of W.K.J. Young Group v Zoning Bd. of Appeals of Vil. of Lancaster*, 16 AD3d 1021, 1022; *Matter of D'Angelo v Zoning Bd. of Town of Webster*, 229 AD2d 945, *lv denied* 89 NY2d 803), and thus Supreme Court properly granted that part of the petition seeking to annul the determination. We conclude, however, that the court erred in further granting the petition insofar as it seeks an area variance. Rather, the court should have remitted the matter to respondent for a new determination of the request for the second variance (*see Matter of Russia House at Kings Point, Inc. v Zoning Bd. of Appeals of Vil. of Kings Point*, 40 AD3d 767, 768; *Matter of Miller v Zoning Bd. of Appeals of Town of E. Hampton*, 276 AD2d 633, 634; *cf. Matter of Bianco Homes II, Inc. v Weiler*, 295 AD2d 506, 507, *lv dismissed* 100 NY2d 526). We therefore modify the judgment accordingly, and we remit the matter to respondent for a new determination of petitioners' application for a second variance.

Entered: February 18, 2011                    Patricia L. Morgan
                                              Clerk of the Court