# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1279**

**CA 14-00913**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, LINDLEY, AND DEJOSEPH, JJ.

---

IN THE MATTER OF MICHAEL J. MIMASSI,
PETITIONER-APPELLANT,

V                                          MEMORANDUM AND ORDER

TOWN OF WHITESTOWN ZONING BOARD OF APPEALS,
RESPONDENT-RESPONDENT.

---

DOUGLAS H. ZAMELIS, COOPERSTOWN, FOR PETITIONER-APPELLANT.

WILLIAM P. SCHMITT, TOWN ATTORNEY, UTICA, FOR RESPONDENT-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered April 18, 2014 in a CPLR article 78 proceeding. The judgment denied the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the petition is granted in part, the determination is vacated, and the matter is remitted to respondent for a de novo determination of the application.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination of respondent denying his application for an area variance. We reject petitioner's contention that the determination was arbitrary and capricious because respondent failed to adhere to its precedent. Petitioner failed to establish that respondent's determination on another application was based on essentially the same facts as petitioner's present application (*see Matter of 194 Main, Inc. v Board of Zoning Appeals for Town of N. Hempstead*, 71 AD3d 1028, 1030; *see generally Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86, 93; *Knight v Amelkin*, 68 NY2d 975, 977).

We agree with petitioner, however, that Supreme Court erred in denying the petition. Respondent "was required to weigh the benefit to [petitioner] of granting the variance[] against any detriment to the health, safety and welfare of the neighborhood or community affected thereby, taking into account the five factors set forth in Town Law § 267-b (3) (b)" (*Matter of Conway v Town of Irondequoit Zoning Bd. of Appeals*, 38 AD3d 1279, 1279-1280; *see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 612-613; *Matter of Ifrah v Utschig*, 98 NY2d 304, 307-308). Here, respondent based its determination upon factors and other criteria relevant to the former "practical difficulty" test, which is no longer followed, rather than

on the factors set forth in Town Law § 267-b (3) (b) (*see Matter of Cohen v Board of Appeals of Vil. of Saddle Rock*, 100 NY2d 395, 402; *Matter of Sasso v Osgood*, 86 NY2d 374, 384). Inasmuch as respondent failed to engage in the necessary balancing test, we vacate the determination, and we remit the matter to respondent for a de novo determination (*see Matter of Nye v Zoning Bd. of Appeals of Town of Grand Is.*, 81 AD3d 1455, 1456; *Matter of Fusco v Russell*, 283 AD2d 936, 936). We have considered petitioner's remaining contentions and conclude that they are without merit.

Entered: January 2, 2015                              Frances E. Cafarell
                                                      Clerk of the Court