Matter of Pangbourne v Thomsen (2019 NY Slip Op 06159)





Matter of Pangbourne v Thomsen


2019 NY Slip Op 06159


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2016-07137
 (Index No. 205/16)

[*1]In the Matter of Grace Pangbourne, et al., appellants,
v
Stephen Thomsen, etc., et al., respondents.


Forchelli Deegan Terrana LLP, Uniondale, NY (Peter R. Mineo, Tara L. Sorensen, and Peter Basil Skelos), for appellants.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Steven G. Leventhal of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Randy Sue Marber, J.), dated May 25, 2016. The judgment, insofar as appealed from, denied those branches of the petition which were to review two determinations of the Incorporated Village of Manorhaven Board of Zoning Appeals, both dated December 11, 2015, which, after a hearing, denied the applications of the petitioner Ressa-Cibants for height and coverage area variances.
ORDERED that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, those branches of the petition which were to review the determinations of the Incorporated Village of Manorhaven Board of Zoning Appeals denying the applications of the petitioner Ressa-Cibants for height and coverage area variances are granted to the extent that those determinations are annulled, and the matter is remitted to the Incorporated Village of Manorhaven Board of Zoning Appeals for new determinations of the applications of the petitioner Ressa-Cibants for height and coverage area variances.
The petitioner Grace Pangbourne agreed to sell a portion of her property to the petitioner Ressa-Cibants, a real estate development partnership, which owned property adjacent to Pangbourne's property. Ressa-Cibants intended to demolish the one-family dwelling on its property and replace it with two new two-family dwellings. In August 2015, Ressa-Cibants applied to the Incorporated Village of Manorhaven Board of Zoning Appeals (hereinafter the Board) for height and coverage area variances to allow the construction of the new houses, and Pangbourne applied for a right-side yard variance to allow her to maintain her existing two-family dwelling on a reduced lot.
In three determinations, all dated December 11, 2015, the Board denied the applications. Thereafter, Pangbourne and Ressa-Cibants commenced this CPLR article 78 proceeding to review the determinations. In a judgment dated May 25, 2016, the Supreme Court denied those branches of the petition which were to annul the determinations denying Ressa-Cibants's applications for height and coverage area variances. The court granted that branch of the petition which was to annul the determination denying Pangbourne's application for a right-side yard variance and remitted the matter to the Board for the issuance of the right-side yard variance requested by Pangbourne. Pangbourne and Ressa-Cibants appeal.
Local zoning boards have broad discretion in considering applications for area variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (see Matter of Ifrah v Utschig, 98 NY2d 304, 308; Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh, 68 AD3d 62, 67; Matter of Hannett v Scheyer, 37 AD3d 603, 604). Where a zoning board's determination is made after a public hearing, its determination should be upheld if it has a rational basis and is supported by evidence in the record (see Matter of Sclafani v Rodgers, 161 AD3d 1084, 1085; see also Matter of Sasso v Osgood, 86 NY2d 374, 384 n 2).
In determining whether to grant an area variance, a village zoning board must weigh the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community (see Village Law § 7-712-b[3][b]; Matter of Sclafani v Rodgers, 161 AD3d at 1085; Matter of Conway v Van Loan, 152 AD3d 768, 769; Matter of Nataro v DeChance, 149 AD3d 1081, 1082). In making that determination, the board must consider: "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created; which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Village Law § 7-712-b[3][b]; see Matter of Colin Realty Co., LLC v Town of N. Hempstead, 24 NY3d 96, 103; Matter of Wambold v Village of Southampton Zoning Bd. of Appeals, 140 AD3d 891, 892-893; Matter of Kaufman v Incorporated Vil. of Kings Point, 52 AD3d 604, 608).
Here, the record does not reflect that the Board weighed the benefit to Ressa-Cibants against the detriment to the health, safety, and welfare of the neighborhood by considering the five factors enumerated in the Village Law § 7-712-b(3)(b) (see Matter of Kaufman v Incorporated Vil. of Kings Point, 52 AD3d at 608-609; Matter of Hannett v Scheyer, 37 AD3d at 605). In particular, the Board's determinations do not reflect that the Board considered whether there was no feasible method to achieve the benefit sought by Ressa-Cibants without height and coverage area variances. Accordingly, we annul the determinations denying Ressa-Cibants's applications and remit the matter to the Board for new determinations (see Matter of Hannett v Scheyer, 37 AD3d 603).
MASTRO, J.P., AUSTIN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court